EDUARDO D. AND ANACLETO GARZA *v.* THE STATE.

MISDEMEANORS cannot be prosecuted in the County Court upon a mere complaint without an information. All offenses save such as are excepted in article 418, Code of Criminal Procedure, must be presented by indictment or information.

APPEAL from the County Court of Cameron. Tried below before the Hon. J. M. HAYNES, County Judge.

The conviction in this case was for libel. The prosecution was founded upon a complaint made by Adolphus Glaevaeke, the prosecuting witness, before the county judge, in the shape of an affidavit. There was no information based upon it. A fine of one hundred dollars was assessed as the punishment.

No brief for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. An affidavit or complaint was made before the county judge, charging the appellants with libel. No information based upon said affidavit was ever brought or presented in the County Court, and appellants were tried alone on the complaint without an information. It is true that it is provided in section 17, article 5 of the Constitution, that "Prosecutions may be commenced in said court (county) by information filed by the county attorney, or by affidavit, as may be provided by law;" but we are not aware that any provision of law has as yet been passed authorizing the prosecution of misdemeanors in the County Court simply by affidavit or complaint. On the contrary, it is expressly provided that "All offenses known to the penal law of this State must be prosecuted by indictment or information. This provision does not include fines and penalties for con-

tempt of court, nor special cases in which inferior courts exercise jurisdiction." Code Crim. Proc. art. 418.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*